## Moses Spofford *vs.* Elisha Huse.

A mechanic's lien may be enforced by a petition inserted in a writ of original summons, sued out within ninety days after the person desiring to avail himself thereof has ceased to perform labor or furnish materials, although the writ is not served until after the expiration of the ninety days.

PETITION for the enforcement of a mechanic's lien. The petition was inserted in a writ of original summons, dated April 21, 1862, served May 13, 1862, and entered at the next June term. It was admitted in the superior court that the petitioner performed no labor and furnished no materials on the 22d of January 1862; and *Ames*, J. directed a verdict for the respondent, on the ground that it was not commenced in season. The petitioner alleged exceptions.

*H. Carter*, for the petitioner.

*S. B. Ives, Jr.*, for the respondent.

METCALF, J. This case depends on the construction of the Gen. Sts. *c.* 150, §§ 7, 8, 10. By § 7, the petitioner's lien (if he had any) was dissolved, unless this suit was commenced within ninety days after he ceased to labor on, or furnish labor or materials for, the respondent's dwelling-house. By § 8, he might have enforced his lien by petition to the superior court, filed in term or in the clerk's office in vacation; and the date of the filing would have been deemed the commencement of the suit. By

§ 10, he was allowed to insert his petition in a writ of original summons, to be served, returned and entered as other civil cases. This he has done. And the question is, whether his suit was commenced when the petition was made, or when it was served on the respondent. It was made within the ninety days, but was not served until they had expired.

As the statute provision is that the writ, in which the petition may be inserted, is to be served, &c., " as other civil cases,'' the service in this case was seasonable, it having been made fourteen days and more before the writ was returnable. It was not necessary that it should be served within ninety days after the petitioner ceased to labor, &c. for the respondent. The service of a writ is not, in this state, the commencement of a suit, but the suit is commenced when the writ is made, except in cases in which it is otherwise provided by statute; as in Gen. Sts. *c.* 140, § 24, where it is enacted that when a bill in equity for the redemption of a mortgage is inserted in a writ, the service shall be deemed the commencement of the suit.

Upon this view of the matter it is plain that in a suit for the enforcement of a mechanic's lien, under the Gen. Sts. *c.* 150, all the respondent's rights are as well secured when the petitioner elects to insert his petition in a writ, as when he elects to file it in court or in the clerk's office. Whichever mode he adopts, he must commence it within the prescribed ninety days. But neither the filing of the petition, nor the making of a writ in which it is inserted, is legal notice thereof to the respondent. Such notice must be served on him before he is bound to appear and answer, and before the court can sit in judgment on the case. *Exceptions sustained.*